UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN J. KOHUTE,

Petitioner,

v.

KASH PATEL,

Respondent.

Case No.  26-cv-07659-HSG

**ORDER OF TRANSFER**

Petitioner, a prisoner housed at Smith County Jail in Tyler, Texas, has filed this *pro se* habeas petition.  Petitioner commenced this action by filing a form petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No 1) and names Director Kash Patel as the respondent, but it is unclear if Petitioner is seeking habeas relief.  In the claims section, Petitioner seeks the disbarments of attorneys Jacob Putman and Ryan Sorrells and alleges that they committed double jeopardy in his criminal case; alleges that the FBI toxicology reports are "good" and use MHMR medicine; and appears to be seeking a "parole letter for parole release negative UA test for drugs." Dkt. No. 1 at 4.  In the paper to the complaint, Petitioner states that he requires a "new civil action case # against Vice President of US of American J D Vance" because "it is very important to file lawsuit against Vice President Kash Patel FBI Director."  Whether this action is intended to be a habeas proceeding or a civil rights action, the proper venue for this action is the Eastern District of Texas and not this district.

Venue for a habeas action is proper in either the district of confinement or the district of conviction.  28 U.S.C. § 2241(d).  Petitioner is confined in Smith County and presumably detained pursuant to a conviction and judgment in Smith County.  Smith County is located in the Eastern District of Texas.  28 U.S.C. § 124(c)(1).  If this action is intended to be a habeas action, the

United States District Court
Northern District of California

proper venue is therefore the Eastern District of Texas.  28 U.S.C. § 2241(d).

The proper venue for a civil rights action generally is the judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).  Petitioner resides in Smith County.  It is unclear what events Petitioner is challenging, if any, and where the events took place.  However, no events occurred, and no parties are located, in this district.  If this action is intended to be a civil rights action, the proper venue is most likely to be the Eastern District of Texas, where Petitioner is located.  28 U.S.C. §§ 124(c)(1), 1391(b).

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Eastern District of Texas.  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:  7/27/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2